United States District Court
Southern District of Texas
**ENTERED**
July 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RIGGINS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00029 |
| | § | |
| MATAGORDA COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by the Matagorda County Defendants.[1] *See* Dkt. 28. I recommend the motion be granted.

## BACKGROUND

Plaintiff Christopher Riggins brings this action against the Matagorda County Defendants, complaining of alleged constitutional rights violations in connection with his arrest and ongoing confinement in the Matagorda County Jail.

According to the allegations in his Amended Original Complaint, Riggins was arrested on November 8, 2024, on a charge of aggravated robbery. A Matagorda County Grand Jury indicted Riggins on a charge of aggravated robbery on January 27, 2025. The indictment, which is attached to the live pleading, states that on October 16, 2024, Riggins, while committing theft of property, "intentionally[,] knowingly, and recklessly cause[d] bodily injury to Yul Johnson, a person 65 years of age or older by striking him, and during the course of the robbery, [Riggins] did use or exhibit a deadly weapon, to-wit: a firearm." Dkt. 14-1 at 92. The state criminal case against Riggins is active and proceeding towards trial.

---

[1] The Matagorda County Defendants consist of (1) Matagorda County, Texas; (2) the Matagorda County District Attorney's Office; (3) the Matagorda County Sheriff's Department; (4) Matagorda County District Attorney Steven Reis; (5) Matagorda County Sheriff Richard DeLeon III; (6) Matagorda County Sheriff's Officer Brandon Dekle; and (7) former Matagorda County Sheriff Frank Osborne.

Riggins summarizes his claims in this lawsuit as such:

> Plaintiff contends that he has been arrested and detained on the basis of his race. Moreover he contends that his arrest and detention violate, 42 U.S.C. § 1983, the Fourth, Fifth, Sixth, Eight[h] and Fourteenth Amendments to the United States Constitution, as he has committed no act which could result in an arrest and probable cause is lacking for his arrest, detention, and indictment. Plaintiff contends that his arrest constitutes cruel and unusual punishment and a deprivation of his rights[.]

Dkt. 38 at 3.

The Matagorda County Defendants move to dismiss Riggins's claims for a laundry list of reasons. The Matagorda County Defendants' first argument—that the court should abstain from hearing this lawsuit under the *Younger* abstention doctrine—is the only argument I need to address.

## ANALYSIS

In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the United States Supreme Court held that principles of comity and federalism require federal courts to avoid interference with ongoing state criminal proceedings if the state court provides an adequate forum to present federal constitutional challenges. "*Younger* abstention is one of a handful of federalism-flavored carveouts to a federal court's virtually unflagging obligation to exercise congressionally conferred jurisdiction." *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1084–85 (5th Cir. 2023) (quotation omitted). "Out of respect for the legitimate interest of the state, and to avoid needless friction, federal courts may not interfere with an ongoing state criminal proceeding, so long as the defendant being prosecuted has an adequate opportunity to raise constitutional challenges in the underlying state forum." *Id.*

*Younger* abstention is required when there is: (1) "an ongoing state judicial proceeding"; (2) that "implicate[s] important state interests"; and (3) offers an "adequate opportunity . . . to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Matagorda County Defendants argue that "[t]his case presents a straightforward application of the *Younger* abstention doctrine." Dkt. 28 at 3. I wholeheartedly agree. Riggins's claims in the present suit satisfy all three abstention requirements under *Younger*.

First, Riggins asks this federal court to intervene to resolve issues related to his ongoing state criminal case. All of Riggins's claims in the instant case pertain to his arrest, detention, indictment, and prosecution in the ongoing state criminal proceeding. Any decision by this court regarding the state-court indictment, the propriety of the grand jury proceedings, whether probable cause existed for his arrest on state charges, and/or the legality of Riggins's pre-trial detention would undoubtedly interfere with the state court's ability to conduct its own proceedings. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) ("Interference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (quotation omitted)).[3]

Second, the State of Texas indisputably "has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984).

Third, Riggins "can raise his challenges to the state criminal proceedings in state court," both before the trial court and, if necessary, through the state appellate system. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). The Supreme Court has held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Riggins has not alleged a single fact suggesting he will be barred from raising his constitutional concerns in state court. To the contrary, Riggins acknowledges that he filed a state habeas petition seeking to vindicate his constitutional rights, and that petition is winding its way through the state appellate courts. Thus, the third *Younger* requirement is met. *See Friemel v. Sheriff, Gregg Cnty.*, No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (*Younger* abstention is proper when the defendant "has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court

---

[3] Riggins seeks to avoid the *Younger* abstention doctrine by pointing out that he does not seek injunctive relief. That argument goes nowhere since seeking injunctive relief is not a prerequisite to *Younger*. Indeed, the Fifth Circuit has expressly held that "interference with ongoing state proceedings need not be direct to invoke *Younger* abstention." *Bice*, 677 F.3d at 717.

on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.").

Because all three *Younger* requirements are met, this court must abstain from proceeding further unless one of the "narrowly delimited exceptions to the abstention doctrine apply." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). There are three exceptions to *Younger* abstention: (1) if "the state-court proceeding was brought in bad faith or to harass the federal plaintiff"; (2) if "the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions"; or (3) "where other extraordinary circumstances threaten irreparable loss that is both great and immediate." *Gates,* 885 F.3d at 880 (citation modified). The only exception that could possibly apply here is the so-called "bad-faith" exception, but it would apply only to the District Attorney's Office and Reis, as those are the only defendants against whom Riggins levels even a conclusory allegation of bad faith. *See* Dkt. 4 at 10 (alleging that the District Attorney sought an indictment against Riggins "in bad faith").

The Fifth Circuit has held "that the 'bad faith' exception is narrow and should be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). It is [Riggins]'s burden to establish actual proof of bad faith." *Gates*, 885 F.3d at 881. "[O]nly in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions" does the bad faith exception to *Younger* abstention apply. *McNatt v. Texas*, No. 93-2925, 1994 WL 558769, at *1 (5th Cir. Sep. 19, 1994).

Riggins alleges that "the District attorney denied dismissal and indicated that he was going to seek an indictment against [Riggins] via Grand Jury, knowing that same was baseless and done in bad faith." Dkt. 4 at 10. But Riggins fails to flesh out what actions allegedly taken by the District Attorney constitute bad faith. A single conclusory allegation of bad faith prosecution is insufficient to bring this case under the bad-faith exception. *See Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000) ("Mere conclusory allegations of bias are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception."); *Blakely v. Andrade*, 360 F. Supp. 3d 453, 469 (N.D.

Tex. 2019) (declining to apply the bad faith exception where the plaintiff failed to plead facts in support of his conclusory allegations that "he did not commit a crime, his arrest was fraudulent, and the indictment against him is fatally defective"). "Were it otherwise, artful pleading would easily swallow up *Younger's* concern" for allowing state courts to function without undue interference from federal courts. *Abbruzzese v. Stephen F. Austin State Univ.*, No. 9:25-cv-00018, 2025 WL 1092353, at *10 (E.D. Tex. Mar. 11, 2025). Riggins's pleadings do not invoke the parsimonious bad-faith exception.

Because Riggins's constitutional claims arising from his pending state-court criminal proceedings meet the requirements for *Younger* abstention and no exception applies, I recommend this court decline to exercise jurisdiction and dismiss Riggins's claims without prejudice.

## CONCLUSION

For the reasons discussed above, I recommend that the Matagorda County Defendants' motion to dismiss (Dkt. 28) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 2nd day of July 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE