United States District Court
Southern District of Texas

**ENTERED**

July 31, 2025

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER RIGGINS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00029 |
| | § | |
| MATAGORDA COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This case has been referred to me to handle all pretrial matters. *See* Dkt. 31. I recently issued a recommendation that this case be dismissed based on the *Younger* abstention doctrine. *See* Dkt. 40. For the reasons discussed below, I withdraw that memorandum and recommendation and *sua sponte* order this case stayed pending the outcome of the Texas state criminal proceedings against Plaintiff Christopher Riggins.

## BACKGROUND

Riggins brings this action against the Matagorda County Defendants,[1] complaining of alleged constitutional rights violations in connection with his arrest and ongoing confinement in the Matagorda County Jail.

According to the allegations in his Amended Original Complaint, Riggins was arrested on November 8, 2024, on a charge of aggravated robbery. A Matagorda County Grand Jury indicted Riggins on January 27, 2025. The indictment states that on October 16, 2024, Riggins, while committing theft of property, "intentionally[,] knowingly, and recklessly cause[d] bodily injury to Yul

---

[1] The Matagorda County Defendants consist of (1) Matagorda County, Texas; (2) the Matagorda County District Attorney's Office; (3) the Matagorda County Sheriff's Department; (4) Matagorda County District Attorney Steven Reis; (5) Matagorda County Sheriff Richard DeLeon III; (6) Matagorda County Sheriff's Officer Brandon Dekle; and (7) former Matagorda County Sheriff Frank Osborne.

Johnson, a person 65 years of age or older by striking him, and during the course of the robbery, [Riggins] did use or exhibit a deadly weapon, to-wit: a firearm." Dkt. 14-1 at 92. The state criminal case against Riggins is active and proceeding towards trial.

Riggins summarizes his claims in this lawsuit as follows:

Plaintiff contends that he has been arrested and detained on the basis of his race. Moreover he contends that his arrest and detention violate[] 42 U.S.C. § 1983, the Fourth, Fifth, Sixth, Eight[h] and Fourteenth Amendments to the United States Constitution, as he has committed no act which could result in an arrest and probable cause is lacking for his arrest, detention, and indictment. Plaintiff contends that his arrest constitutes cruel and unusual punishment and a deprivation of his rights[.]

Dkt. 38 at 3. Riggins seeks monetary damages. He does not ask for injunctive or declaratory relief.

The Matagorda County Defendants moved to dismiss Riggins's claims for a laundry list of reasons. On July 2, 2025, I recommended that this court decline to exercise jurisdiction and dismiss Riggins's claims without prejudice under the *Younger* abstention doctrine. *See* Dkt. 40.

## ANALYSIS

In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the United States Supreme Court held that principles of comity and federalism require federal courts to avoid interference with ongoing state criminal proceedings if the state court provides an adequate forum to present federal constitutional challenges. "*Younger* abstention is one of a handful of federalism-flavored carveouts to a federal court's virtually unflagging obligation to exercise congressionally conferred jurisdiction." *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1084–85 (5th Cir. 2023) (quotation omitted). "Out of respect for the legitimate interest of the state, and to avoid needless friction, federal courts may not interfere with an ongoing state criminal proceeding, so long as the defendant being prosecuted has an adequate opportunity to raise constitutional challenges in the underlying state forum." *Id.* at 1085.

*Younger* abstention is required when there is: (1) "an ongoing state judicial proceeding"; (2) that "implicate[s] important state interests"; and (3) offers "an adequate opportunity . . . to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). I previously found that all three of these conditions have been met in this matter. *See* Dkt. 40 at 3. Although that is still true, I now recognize that *Younger* abstention is not appropriate when, as here, a plaintiff seeks only monetary damages. *See Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995) ("[T]he *Younger* abstention doctrine does not apply to a suit seeking only damages."); *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988) ("[R]equests for monetary damages do not fall within the purview of the *Younger* abstention doctrine."). *Younger* abstention applies solely to claims for injunctive and declaratory relief, neither of which are raised here. *See Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

Although this court will not abstain under *Younger*, it remains inappropriate, or at least premature, to address the merits of Riggins's civil lawsuit at this time. All of Riggins's claims pertain to his arrest, detention, indictment, and prosecution in the ongoing state criminal proceeding. Any decision by this court regarding the state-court indictment, the propriety of the grand jury proceedings, whether probable cause existed for his arrest on state charges, and/or the legality of Riggins's pre-trial detention would undoubtedly interfere with the state court's ability to conduct its own proceedings.

A "district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). It should come as no surprise that a district court may—and indeed should—stay a federal § 1983 action that might interfere with the pending resolution of a related state court criminal

3

proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994); *Ballard v. Wilson*, 856 F.2d 1568, 1572 (5th Cir. 1988). A stay allows the state criminal case "to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Deakins*, 484 U.S. at 202–03 (quotation omitted). The interests of comity and judicial economy strongly support a stay. As one district court noted: "A federal 1983 action, it is true, may be filed before state criminal proceedings are complete. Until the state criminal judgment is final, however, the federal claim cannot be adjudicated—nor can the federal court even know whether it is appropriate to adjudicate it—consistent with well-established jurisprudential principles." *Rodwell v. Weaver*, No. 12-989, 2012 WL 4955249, at *4 (D.N.J. Oct. 10, 2012) (citation modified); *see also Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

## CONCLUSION

For the reasons discussed above, this case is stayed pending the resolution of the state court criminal proceedings against Riggins.[2] The parties are ordered to provide an update on December 5, 2025, on the status of the state court criminal proceedings.

SIGNED this 31st day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] A magistrate judge has authority to stay proceedings because such an "order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief." *Weiters v. Vannoy*, No. 16-14945, 2017 WL 736313, at *1 n.1 (E.D. La. Feb. 24, 2017).